UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**DORIS HADCOCK,**

    **Plaintiff,**

v.                                              Case No: 5:20-cv-95-Oc-30PRL

**JEST OPERATING, INC., PATRICIA R.
LEININGER, MERIDETH C. NAGEL,
MICHAEL J. ROGERS, CHRISTIAN
W. WAUGH, MERIDETH NAGEL, P.A.,
WAUGH LAW, P.A. and GAYLORD &
ROGERS, LLC,**

    **Defendants.**

## REPORT AND RECOMMENDATION[1]

Plaintiff, Doris Hadcock, who is ninety years old, filed this diversity action against various Defendants related to alleged abuse and financial exploitation that occurred during her guardianship and confinement at Somerset, an assisted living facility in Tavares, Florida. Plaintiff asserts claims against Jest Operating, Inc. d/b/a Somerset ("Somerset") for false imprisonment, negligence, assault, battery, and intentional infliction of emotional distress. (Doc.1). She also asserts claims for breach of fiduciary duty and professional negligence against Merideth C. Nagel, Merideth Nagel, P.A., Michael J. Rogers, and Gaylord & Rogers, LLC, all of whom served as

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

counsel at various points during the guardianship proceedings. At issue here are motions to dismiss filed by Somerset, Attorney Rogers and his firm, and Attorney Nagel and her firm.[2]

## I. Background[3]

The Complaint alleges a lengthy story beginning on January 28, 2015, when Plaintiff injured her back in her Tavares, Florida home. (Doc. 1, Complaint at ¶ 22). She continued to experience pain and on February 8, 2015, Plaintiff was taken by ambulance to Waterman Hospital where she was treated for a significant back injury. (Id. at ¶ 23). While she was hospitalized her husband, Neal Hadcock, was taken to Somerset's licensed assisted living facility located in Tavares, Florida. (Id. at ¶ 24). After three days in the hospital, Plaintiff was discharged to a rehabilitation facility located in Eustis, Florida for further care and treatment. (Id. at ¶ 25). On March 23, 2015, upon completion of her rehabilitation treatment, Plaintiff was transferred from the rehabilitation center to Somerset by Somerset's employees allegedly without Plaintiff's consent or court order. (Id. at ¶ 26). Once at Somerset, Plaintiff claims she was surprised to find her husband Neal was also there. (Id. at ¶ 28). Somerset then separated Plaintiff from her husband and forced Plaintiff to share a room with someone that she did not know. (Id. at ¶¶ 33-35). At some point, Plaintiff claims that she was told that she could not leave Somerset until she paid her bill. (Id. at ¶ 30). After Plaintiff allegedly realized that she and Neal were being held against their will by Somerset, Plaintiff contacted her friends in New York, Shelley and Kevin Carrier (collectively "the Carriers") for assistance. (Id. ¶ at 31). Mrs. Hadcock, with Ms. Carrier's assistance, allegedly made repeated requests to Somerset that Plaintiff be released but in response they received false information from Somerset as to why Plaintiff had to be held in the facility. (Id. at ¶ 32).

---

[2] The other Defendants, Patricia R. Leininger and Christian W. Waugh filed answers to the Complaint. (Docs. 34 & 38).

[3] The background "facts" are taken from the Complaint (Doc. 1) and assumed to be true for purposes of this motion to dismiss.

On July 24, 2015, the Carriers visited Mr. and Mrs. Hadcock at Somerset and checked them out of the facility. (Id. ¶ 44). The Carriers transported them to execute health care surrogate documents and powers of attorney to facilitate Plaintiff and her husband's removal from Somerset and their return to New York. (Id.) Somerset then contacted the Florida Department of Children and Families ("DCF") to initiate an investigation into the Carriers' to allegedly prevent Plaintiff and Neal from leaving the facility and returning to New York. (Id. at ¶ 45). On August 11, 2015, DCF began its investigation. (Id. at ¶ 46). DCF then initiated guardianship proceedings to have professional guardians appointed by the State of Florida for the protection of Plaintiff and her husband. (Id. at ¶ 50).

On August 12, 2015, the Carriers paid Defendant Michael J. Rogers, a Florida attorney, of Defendant Gaylord & Rogers, LLC to represent Plaintiff and Neal in the Florida proceedings. (Id. ¶ 51). On August 20, 2015, Angela Rachel, a Protective Investigator employed by Florida DCF filed a petition in the Circuit Court in and for Lake County Florida to have Plaintiff and Neal deemed incapacitated and to have professional guardians appointed for both. (Id. at ¶ 52). The petitions filed as to Plaintiff alleged that Plaintiff suffered from "Alzheimer's type" dementia and that her condition was worsening. (Id. at ¶¶ 53, 54). Plaintiff asserts that her condition was misrepresented. (Id.). On August 27, 2015, Defendant Michael J. Rogers was appointed by the Lake County Circuit Court to represent Plaintiff in the guardianship proceeding. (Id. at ¶ 56). On October 6, 2015, Neal was placed into a guardianship. According to the Complaint, Attorney Rogers and his firm terminated their representation of Plaintiff and became counsel for Neal's guardian. (Id. at ¶ 58). In November 2015, Attorney Christian Waugh of Waugh Law, P.A. substituted in as Plaintiff's counsel. (Id. at ¶ 59). On December 14, 2015, the Lake County Circuit Court placed Plaintiff in a limited guardianship and appointed Defendant Patricia Leininger as the

limited guardian. Leininger retained Attorney Merideth C. Nagel of Merideth Nagel, P.A., as guardian counsel. (Id. at ¶ 61). Although the proceedings sought to have Plaintiff declared completely incapacitated, she retained the right to choose where she wished to live, her right to travel, or to make decisions about her social environment or other social aspects of her life. (Id. at ¶ 62). Plaintiff alleges she made requests to Somerset, Leininger, Waugh, and Nagel to leave Somerset but her requests were ignored. (Id. at ¶ 63). Despite being Plaintiff's limited guardian, Leininger took no action to secure Plaintiff's freedom. (Id. at ¶ 67).

On March 5, 2016, Plaintiff was discharged from Somerset. (Id. at ¶ 78) She left Neal at Somerset and returned to the State of New York with her friends, the Carriers. (Id. at ¶ 79). Plaintiff asserts that Leininger with Nagel's aid took advantage of their fiduciary responsibilities to Plaintiff by obtaining court authorization to pay Somerset's extravagant housing fees for holding Plaintiff against her will, as well as authorization to pay Leininger and Nagel's fees incurred during representation. (Id. at ¶¶ 69, 70). Approximately a month after Plaintiff returned to New York, Neal died. (Id. at ¶ 81). On September 19, 2019, Plaintiff's capacity was restored. (Id. at ¶ 84).

After Neal died, Leininger sought to be appointed as the personal representative of Neal's estate as the guardian of Plaintiff, who was designated by her husband in his will to be the personal representative. (Id. at ¶87). Nagel was hired by Leininger to be her counsel as personal representative. (Id.) Plaintiff alleges that Leininger liquidated every single asset and personal possession that Plaintiff and Neal had accumulated over their entire lives to pay the fees of Somerset and the fees incurred by Leininger and Nagel in connection with the guardianship of Plaintiff, Neal, and for being the personal representative of Neal's estate. (Id. at ¶ 88).

**II.    Standard**

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). In considering the sufficiency of the complaint, the court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *Id.*

The Eleventh Circuit utilizes a two-pronged approach in its application of the holdings in *Ashcroft* and *Twombly*. First, "eliminate any allegations in the complaint that are merely legal conclusions," and then, "where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 129 S.Ct. at 1949). In applying these principles, the Court can infer "'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 129 S.Ct. at 1951-52).

### III. Discussion

#### A. Somerset's Motion to Dismiss (Doc. 21)

Somerset argues that Plaintiff's claim for negligence in Count II is time-barred. A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is "apparent from the face of the complaint" that the claim is time-barred. *La Grasta v. First Union Securities, Inc.,* 358 F.3d 840, 845 (11th Cir. 2004).

Although not cited in the Complaint, Plaintiff does not disagree that her negligence claim against Somerset is brought pursuant to the Assisted Living Facility Act. Sections 429.29 through 429.298 of the Florida Statutes are "the exclusive remedy for a cause of action for recovery of damages for the personal injury . . . of a resident arising out of negligence" or a violation of statutory residents' rights. § 429.29, Fla. Stat. A prospective plaintiff must file suit within two years from the date of the incident giving rise to the claim. § 429.296(1), Fla. Stat. Based on the foregoing, Somerset argues that Mrs. Hadcock had two years from the date she was released from Somerset to initiate her negligence claim—through March 5, 2018.

However, as Plaintiff argues, under Florida law, the statute of limitations is tolled for periods of the plaintiff's mental incapacity. Fla. Stat. § 95.051(1)(d). The action must be brought within seven (7) years after the act, event, or occurrence giving rise to the cause of action. In addition, the statute of limitations is tolled by the previously adjudicated incapacity of the person entitled to sue during any period of time in which a guardian does not exist, has an interest adverse to the incapacitated person, or is adjudicated to be incapacitated to sue. Fla. Stat. § 95.051(1)(i).

Here, the Complaint alleges that Plaintiff was adjudicated incapacitated (including the right to file a lawsuit) on December 10, 2015 and that her capacity was not restored until September 19, 2019. The Complaint further alleges that her guardian (Leininger) had an interest adverse to hers. Plaintiff filed her Complaint on March 5, 2020, within six months of having her capacity restored. These allegations—which support Plaintiff's position that the limitations period was tolled by her

incapacity—are sufficient to withstand a motion to dismiss on statute of limitations grounds. *See Meyer v. Gwinnett County,* 636 Fed. Appx. 487, 489-90 (11th Cir. 2016) (finding allegation of mental incapacity sufficient to survive motion to dismiss on statute-of-limitations grounds).[4]

Somerset's alternative request to abate the action until the 75-day pre-suit notice period has elapsed, has been rendered moot by the passage of time. According to its motion, Somerset was served with the requisite notice on March 11, 2020, more than 90 days ago.

Accordingly, Somerset's motion to dismiss count II (Doc. 21) should be **DENIED**.

### B.  Michael J. Rogers and Gaylord & Rogers, LLC's Motion to Dismiss (Doc. 41)

Plaintiff has attempted to allege claims for breach of fiduciary duty and professional negligence against Attorney Rogers and his firm, Gaylord & Rogers, LLC (collectively referred to as the "Rogers Defendants"). The Rogers Defendants have moved to dismiss all four counts arguing that Plaintiff has failed to allege plausible claims under either theory. The Court agrees.

As a subset of legal malpractice, "[t]he elements of a claim for breach of fiduciary duty are: the existence of a fiduciary duty, and the breach of that duty such that it is the proximate cause of the plaintiff's damages." *Gracey v. Eaker,* 837 So.2d 348, 353 (Fla. 2002).  A claim of breach of fiduciary duty is based on a breach of the duty of loyalty. *Resolution Trust Corp., v. Holland & Knight*, 832 F.Supp. 1528, 1531 (S.D. Fla. 1993). The duty of loyalty confers upon an attorney a "'duty at all times to represent his client and handle his client's affairs with the utmost degree of honesty, forthrightness, loyalty and fidelity.'" *Weaver v. Mateer & Harbert, P.A.*, No. 5:09-CV-514-OC-34TBS, 2012 WL 3065362, at *1 (M.D. Fla. July 27, 2012) *aff'd,* 523 F. App'x 565 (11th Cir. 2013) (quoting *Resolution Trust Corp.*, 832 F. Supp. 1530-31). "Generally, an attorney breaches the duty of loyalty when the attorney obtains a personal advantage from the client or

---

[4] The Court is making no finding as to whether Plaintiff is ultimately entitled to tolling for mental incapacity or whether her claims otherwise have merit.

when there are circumstances that create adversity to the client's interest." *Resolution Trust Corp.*, 832 F. Supp. at 1531.

In Counts XI and XII, Plaintiff vaguely alleges that Attorney Rogers was "negligent and reckless in the exercise of his fiduciary duties to Plaintiff" and that he breached his duty of loyalty "by representing Plaintiff and then switching his representation to a guardianship that was materially adverse to Plaintiff." (Complaint at ¶¶ 191, 192, 197, 198). The Complaint, however, is devoid of any factual allegations supporting these conclusory statements. Indeed, the only factual allegations regarding the Rogers Defendants include: On August 12, 2015, the Carriers paid Attorney Rogers to represent the Hadcocks in the State of Florida; on August 27, 2015, Attorney Rogers was appointed by the Lake County court to represent Plaintiff in the incapacity proceeding and in the guardianship proceeding; and then Rogers ceased representing Doris and became counsel for Neal's guardian. (Complaint at ¶¶51, 56, 58). It is unclear how these very limited allegations could support Plaintiff's claims that Attorney Rogers did not represent Plaintiff in good faith, had adverse interest or obtained a personal advantage through the proceedings. Nor has Plaintiff sufficiently plead what, if any, damages she incurred from Attorney Rogers alleged breach of his fiduciary duties. Accordingly, Counts XI and XII should be dismissed.

For the same reasons, Plaintiff's professional negligence claims fail. A claim of professional negligence is based on a breach of an attorney's duty of care. *Weaver*, 2012 WL 3065362, at *9. The duty of care "requires an attorney to have the knowledge and skill necessary to confront the circumstances of each case." *Id.* The elements of professional negligence under Florida law are: "(1) existence of a legal duty, (2) breach of the duty, (3) proximate causation, and (4) actual loss." *NCM of Collier County, Inc. v. Durkin Group*, L.L.C., No. 2:11–cv–558, 2012 WL 2389756, at *2 (M.D. Fla. June 25, 2012) (citing *Curd v. Mosaic Fertilizer, L.L.C.,* 39 So.3d

1216, 1227 (Fla. 2010)). Again, Plaintiff vaguely alleges that Attorney Rogers was "negligent and reckless" and that he breached his duty of loyalty by "taking on representation of an adverse party to her detriment." (Complaint at ¶¶ 229, 230, 235, 236). The mere allegation that Attorney Rogers withdrew from his representation of Plaintiff and began representing her husband fails to establish the required breach and causation.

Accordingly, Counts XVII and XVIII should be dismissed.

### C.  Merideth C. Nagel and Merideth Nagel, P.A.'s Motion to Dismiss (Doc. 43)

Finally, Plaintiff has attempted to assert claims for breach of fiduciary duty (Counts VII and VIII) and professional negligence (Counts XIII and XIV) against Attorney Nagel and her law firm, Meredith Nagel, P.A. (collectively referred to as "Nagel Defendants").

First, the Nagel Defendants argue that Plaintiff's claims are barred by the statute of limitations. However, as discussed above, Plaintiff has alleged sufficient facts to support her position that the statute of limitations was tolled by her incapacitation. Accordingly, the motion to dismiss should be denied on this ground.

Next, the Nagel Defendants argue that Plaintiff failed to state a claim for professional negligence. The Court disagrees. Plaintiff's claims against the Nagel Defendants arise out of Attorney Nagel's legal representation of co-defendant Leininger in her capacity as limited guardian of Plaintiff in the guardianship matter, and in Leininger's capacity as personal representative for the estate of Neal in the probate matter as the guardian of Plaintiff. Unlike her claims against the Rogers Defendants, Plaintiff alleges numerous specific ways in which the Nagel Defendants purportedly breached the standard of care: (a) failing to seek Plaintiff's removal from Somerset's facility; (b) mismanagement of Plaintiff's funds in making payments to Somerset after its wrongful imprisonment of Plaintiff; (c) failing to honor and recognize the rights that Plaintiff

...

retained pursuant to the court order; (d) disposing of Plaintiff's assets and personal belongings and the assets and personal belongings of her husband that she would have inherited; and (e) failing to honor and recognize Plaintiff's wishes securing her release from Somerset and allowing her to leave the State of Florida. (Complaint at ¶¶ 204, 211).

The argument that the Nagel Defendants did not owe a duty to Mrs. Hadcock is without merit. Florida courts have found that the ward is an intended third-party beneficiary of the attorney for the guardian, and thus, the attorney owes the ward a duty of care. *See Bivins v. Rogers*, No. 15-81298-CIV-MARRA/MATTHEWMAN, 2017 WL 5526874, *3 (S.D. Fla. June 1, 2017) (citing Fla. AGO 96-94, 1996 WL 680981 (Fla. A.G. Nov. 20, 1996) and *Saadeh v. Connors*, 166 So.3d 959, 964 (Fla. App. Ct. 2015)). Likewise, the fact that the actions taken by Attorney Nagel, including the sale of assets and property, were done with approval of the Court, does not automatically insulate the Nagel Defendants from a professional negligence claim.

Accordingly, the Nagel Defendants motion to dismiss (Doc. 43) should be DENIED.

### IV. Conclusion

For the reasons stated above it is recommended that: Somerset's motion to dismiss count II (Doc. 21) be denied; the Rogers Defendants' Motion to Dismiss (Doc. 41) be granted; and the Nagel Defendants' motion to dismiss (Doc. 43) be denied.

Recommended in Ocala, Florida on June 23, 2020.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

c: Presiding District Judge
Counsel of Record & Unrepresented Party
Courtroom Deputy