UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DORIS HADCOCK,

      Plaintiff,

v.                                               Case No: 5:20-cv-95-Oc-30PRL

JEST OPERATING, INC., PATRICIA R.
LEININGER, MERIDETH C. NAGEL,
MICHAEL J. ROGERS, CHRISTIAN
W. WAUGH, MERIDETH NAGEL, P.A.,
WAUGH LAW, P.A., GAYLORD &
ROGERS, LLC, ELIZABETH HEIMAN
and KIMBERLY SCHULTE,

      Defendants.

_____

## ORDER

Plaintiff has been trying to schedule and take Defendant, Jest Operating, Inc's 30(b)(6) deposition for months. In fact, Plaintiff's counsel was forced to unilaterally schedule the deposition for December 7, 2020 after counsel for Jest rejected more than fifty possible dates over a four-month period. (*See* Doc. 83 at 2). Jest then filed a motion for protective order (Doc. 79), which the Court denied. (Doc. 83). In that Order, the Court clearly stated that "[t]he deposition of Jest's corporate representative will go forward on December 7, 2020, unless the parties can agree on another date prior to January 1, 2021."

Over this past weekend, right before the scheduled deposition, Jest's 30(b)(6) witness—Elizabeth Heiman—became ill and was hospitalized. Counsel for Jest advised Plaintiff's counsel that Ms. Heiman could not appear for the deposition scheduled for December 7, 2020. Plaintiff's motion, and argument at the hearing, reveals that that information was presented curtly, without much explanation or elaboration, and that Plaintiff's counsel had to follow up late Saturday about

whether it would or wouldn't occur and confirm for themselves, by calling the hospital, that the corporate representative proffered by Jest was unavailable. Plaintiff's counsel did not propose any other specific date prior to January 1, 2021, nor did he seek protection from the Court's Order based on the corporate representative's unavailability. On December 7, 2020, Jest's 30(b)(6) witness did not appear at the deposition. Plaintiff then filed a motion for sanctions based on Jest's violation of the Court's Order. (Doc. 84). The Court addressed the motion at a hearing on December 10, 2020.

Under Federal Rule of Civil Procedure 37(b)(2), "[i]f a party ... fails to obey an order to provide or permit discovery ..., the court in which the action is pending may make such orders in regard to the failure as are just." In addition to other available sanctions, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Given the ongoing discovery issues in this case, and defense counsel's failure to offer a compelling reason at the hearing why Jest essentially ignored this Court's Order, Plaintiff's motion for sanctions (Doc. 84) is GRANTED as follows:

1. Jest and its counsel are jointly and severally liable for the court reporter fees and the reasonable attorney's fees and expenses incurred by counsel for Plaintiff in preparing and filing the instant motion for sanctions (Doc. 84). Plaintiff shall submit within **ten days** of the date of this Order an affidavit detailing the court reporter fees and the reasonable attorney's fees and expenses incurred in preparing and filing the motion. To the extent that Jest and counsel object to the amount of expenses and fees claimed, they shall file a response within **ten days** of service of Plaintiff's affidavit. Upon receipt of

Plaintiff's affidavit and any objections by Jest and counsel, the Court will enter an appropriate award or, if necessary, set the matter for an evidentiary hearing.

2. The parties have advised that the deposition of Jest's corporate representative (Elizabeth Heiman) has been set for December 17, 2020. This deposition shall proceed as scheduled unless an appropriate motion is filed and relief is granted by the Court.

**DONE** and **ORDERED** in Ocala, Florida on December 10, 2020.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties