UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**DORIS HADCOCK,**

    **Plaintiff,**

v.                                                                                                                        Case No: 5:20-cv-95-Oc-30PRL

**JEST OPERATING, INC., PATRICIA R.
LEININGER, MERIDETH C. NAGEL,
MICHAEL J. ROGERS, CHRISTIAN
W. WAUGH, MERIDETH NAGEL, P.A.,
WAUGH LAW, P.A., GAYLORD &
ROGERS, LLC, ELIZABETH HEIMAN
and KIMBERLY SCHULTE,**

    **Defendants.**

_____

## ORDER

In the instant motion, Plaintiff Doris Hadcock seeks to compel discovery responses from Defendant Michael J. Rogers, who served as her counsel during the underlying guardianship proceedings. (Doc. 80). Plaintiff's counsel (Grant Kindrick) represents that prior to filing this motion he conferred with opposing counsel in good faith on November 13, 2020 and attempted further telephonic communication but could not reach Defendant Rogers' counsel.

Counsel for Defendant Rogers (Francis Sheppard) paints a very different picture. (Doc. 86). According to Mr. Sheppard, he was first advised of the discovery issues on November 9, 2020 in an email from Mr. Kindrick. (Doc. 86-21). The next day, Mr. Sheppard and Mr. Kindrick conferred telephonically to discuss the scheduling of depositions and Mr. Kindrick briefly raised his concerns regarding Rogers' discovery responses. Mr. Sheppard memorialized the conversation in an email, quoted in relevant part:

> I did want to clarify a couple of matters as well. As I told you on the phone, I had not read your email from yesterday since I was in deposition most of the day and then on a plane and did not get back until about 9:30 p.m. Instead, I was under the impression that you were calling to discuss my letter of November 6, 2020. Unfortunately, I was not in a position to discuss the discovery issues that you asserted in yesterday's email as a result. I did agree that we would provide you with a privilege log and have requested that my office work on this already. However, I told you that I am unavailable for most of the next week due to depositions and other commitments and it would be next week before I am able to review the discovery responses served in light of your comments today and your email yesterday. We will, of course, get back to you on the issues raised in yesterday's email as soon as we can. We should have a good faith conference pursuant to Local Rule 3.01 after I have had a chance to do so. Today's phone call did not constitute such a good faith effort to confer as my agenda for the call was simply to discuss the unilateral scheduling of the depositions

(Doc. 86-21).

On November 13, 2020, each parties' counsel attended a telephone conference and discussed the scheduling of depositions. According to Mr. Sheppard, he and Mr. Kindrick did not discuss the discovery issues during that call. There was no further communication regarding the discovery, until November 23, 2020, when someone from Mr. Kindrick's office called Mr. Sheppard's office at 6:17 p.m., but no message was left. (Doc. 86-22). The next morning, Plaintiff's counsel filed the instant motion. One week later, on December 1, 2020, Mr. Sheppard provided Mr. Kindrick with a privilege log; and then served a supplemental response to the request for production on December 8, 2020 (the same he day Defendant Rogers filed a response to the instant motion to compel.)

Prior to filing most motions in a civil case, the moving party is required to confer with the opposing party in a good faith effort to resolve the issues raised by the motion, and to file with the motion a statement certifying that the moving party has conferred with the opposing party, and that the parties have been unable to agree on the resolution of the motion. Local Rule 3.01(g),

- 3 -

M.D. Fla. The term "confer" in Rule 3.01(g) requires a substantive conversation in person or by telephone in a good faith effort to resolve the motion without court action and does not envision an email, fax or letter. *Rigney v. Livingston Financial*, LLC, No. 6:12-cv-617-Orl-18TBS, 2012 WL 12915480, at *1 (M.D. Fla. December 4, 2012). Counsel who merely "attempt" to confer have not "conferred," and a certification that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. *Id.*

Here, based on the record before the Court, Mr. Kindrick did not sufficiently confer with Mr. Sheppard prior to filing the instant motion. However, Mr. Sheppard also had a duty to respond promptly to Mr. Kindrick's discovery concerns. *See Id., citing* Board of Governors of the Florida Bar, Ideals and Goals of Professionalism, ¶ 6.10 and Creed of Professionalism ¶ 8 (adopted May 16, 1990), available at www.floridabar.org (Professional Practice–Henry Latimer Center for Professionalism). According to Mr. Sheppard's own version of events, Mr. Kindrick first raised the discovery concerns on November 9, 2020 and Mr. Sheppard made no effort to address his concerns in the following two weeks. It was not until Plaintiff filed the instant motion to compel that Mr. Sheppard finally served the privilege log and provided supplemental discovery responses. Accordingly, counsel for both parties failed to meet their obligation under the Rules.

Because the parties failed to have a substantive conversation regarding the issues raised in the motion and given Mr. Sheppard's representation that he has now provided a privilege log and supplemental discovery responses, Plaintiff's motion to compel is due to be denied. The Court is not going to guess what disputes still exist, nor is it going to resolve issues that could (and should) have been resolved by counsel in the good faith conference required by the Rules.

- 4 -

**DONE** and **ORDERED** in Ocala, Florida on January 6, 2021.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties