UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DORIS HADCOCK,

    Plaintiff,

v.                                                  Case No: 5:20-cv-95-Oc-30PRL

JEST OPERATING, INC., PATRICIA R.
LEININGER, MERIDETH C. NAGEL,
MICHAEL J. ROGERS, CHRISTIAN W.
WAUGH, MERIDETH NAGEL, P.A.,
WAUGH LAW, P.A., GAYLORD &
ROGERS, LLC, ELIZABETH HEIMAN
and KIMBERLY SCHULTE,

    Defendants.

## ORDER

**THIS CAUSE** came on for consideration upon the Report and Recommendation submitted by Magistrate Judge Philip R. Lammens (Dkt. 99), Defendants Michael J. Rogers' and Gaylord & Rogers, LLC's Objection (Dkt. 102), Plaintiff's Objection (Dkt. 103), Defendants Michael J. Rogers' and Gaylord & Rogers, LLC's Response to Plaintiff's Objection (Dkt. 115), and Defendant Kimberly Schulte's Response to Plaintiff's Objection (Dkt. 116).

Judge Lammens' Report and Recommendation recommends (1) granting in part and denying in part Michael J. Rogers' and Gaylord & Rogers, LLC's ("the Rogers Defendants") motion to dismiss and (2) granting Kimberly Schulte's motion to dismiss in its entirety. Plaintiff and the Rogers Defendants object to the recommendation.

Plaintiff objects to the recommendation to the extent it does not address Plaintiff's requests for leave to amend. Plaintiff sought leave to amend her Amended Complaint in her responses in opposition to the Rogers Defendants' motion to dismiss and Kimberly Schulte's motion to dismiss. (Dkt. 74, pp. 2, 9; Dkt. 77, pp. 2, 8). The Court previously noted, however, that it is improper for Plaintiff to seek leave to amend her complaint in her response in opposition to a motion to dismiss. (Dkt. 59). Nonetheless, Plaintiff proceeded to seek leave in her responses despite knowing it is procedurally improper. *Mandala v. Tire Stickers, LLC*, 829 Fed.Appx. 896, 902-903 (11th Cir. 2020) (noting that filing a motion is the proper method to request leave to amend a complaint and the district court did not abuse its discretion in denying the plaintiff leave to amend his complaint when plaintiff merely requested leave to amend without setting forth the substance of the proposed amendment or attach a proposed amended complaint and when plaintiff was previously granted two opportunities to amend the complaint and curing any deficiencies). Here, the Court previously granted Plaintiff leave to amend her complaint and informed Plaintiff that her previous request to amend her complaint was improper. Moreover, the Court notes that Plaintiff failed to file any opposition to the Rogers Defendants' motion to dismiss Plaintiff's claims for tortious interference with an expectancy (Count XXIII) and elder exploitation (Count XXIX). Accordingly, the Court overrules Plaintiff's objection and declines to grant her leave to amend.

The Rogers Defendants object to the recommendation that Plaintiff's claims for professional negligence (Counts XVII and XVIII) and breach of fiduciary duty (Count XI and XII) should proceed. Plaintiff's claims in the initial complaint were dismissed

because the allegations were vague and lacked support. Now, as Judge Lammens concluded, the amended complaint contains much greater detail to withstand a motion to dismiss. Accordingly, the Court overrules the Rogers Defendants' objection.

After careful consideration of the Report and Recommendation of the Magistrate Judge, the parties' objections and responses, and in conjunction with an independent examination of the file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects.

**ACCORDINGLY**, it is therefore, **ORDERED AND ADJUDGED**:

1. The Report and Recommendation (Dkt. 99) of the Magistrate Judge is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2. Defendants Michael J. Rogers' and Gaylord & Rogers, LLC's Motion to Dismiss (Dkt. 72) is granted in part and denied in part as follows:

    a. Defendants Michael J. Rogers' and Gaylord & Rogers, LLC's Motion to Dismiss (Dkt. 72) is granted to the extent that Plaintiff's claims against attorney Michael J. Rogers in the Amended Complaint for tortious interference with an expectancy (Count XXIII) and elderly exploitation (Count XXIX) are dismissed with prejudice.

    b. Defendants Michael J. Rogers' and Gaylord & Rogers, LLC's Motion to Dismiss (Dkt. 72) is denied to the extent that Plaintiff's claims for professional negligence (Counts XVII and XVIII) and breach of fiduciary duty (Counts XI and XII) will proceed.

      c. Defendants Michael J. Rogers and Gaylord & Rogers, LLC shall file an Answer within fourteen (14) days from the date of this Order.

3. Defendant Kimberly Schulte's Motion to Dismiss (Dkt. 76) is granted. Counts XX (professional negligence), XXI (tortious interference with an expectancy), and XXII (breach of fiduciary duty) of the Amended Complaint are dismissed with prejudice. Defendant Kimberly Schulte is dismissed with prejudice from this case.

**DONE** and **ORDERED** in Tampa, Florida, this 21st day of January, 2021.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

4