UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SHELLEY CARRIER, Personal
Representative of the Estate of Doris
Hadcock

    Plaintiff,

v.                                                    Case No: 5:20-cv-95-JSM-PRL

JEST OPERATING, INC., PATRICIA
R. LEININGER, MERIDETH C.
NAGEL, MICHAEL J. ROGERS,
MERIDETH NAGEL, P.A.,
GAYLORD & ROGERS, LLC and
ELIZABETH HEIMAN,

    Defendants.
_____

## ORDER

Plaintiff, Doris Hadcock, who is now deceased, filed this action against various Defendants related to alleged abuse and financial exploitation that occurred during her guardianship and confinement at Somerset, an assisted living facility in Tavares, Florida. Michael J. Rogers of Gaylord & Rogers, LLC and Christian Waugh of Waugh Law, P.A., both represented Ms. Hadcock in the state court guardianship proceedings at various times and were named as Defendants in this action. Plaintiff ultimately resolved her claims against Mr. Waugh and Waugh Law, P.A. and on July 2, 2021 filed a joint stipulation of dismissal with prejudice. (Doc. 143).

On July 6, 2021, Defendants Michael J. Rogers and Gaylord & Rogers, LLC served Plaintiff with their third request for production seeking copies of settlement agreements and other related agreements between Plaintiff and Mr. Waugh and his firm. Plaintiff objected for

three reasons—the requests are not reasonably calculated to lead to the discovery of admissible evidence; the requests seek documents that are privileged and confidential and not subject to disclosure; and the requests seek to invade the confidentiality rights of third parties.

There is no dispute that Plaintiff intends to use Mr. Waugh's testimony to support her claims against Mr. Rogers and his firm. As Plaintiff previously explained, "Mr. Waugh was Doris's legal counsel and interacted directly with Mr. Rogers . . . and was the only contemporaneous witness to what was happening in the legal proceeding who is not currently a Defendant. Mr. Waugh's testimony bears directly on breaches of fiduciary duty by Mr. Rogers." (Doc. 154 at 7). Plaintiff confirmed in response to this motion that "it is abundantly clear from correspondence between Mr. Waugh and Mr. Rogers that Mr. Waugh will testify against the interests of Mr. Rogers because he contemporaneously accused him of various Florida Bar ethics violations in relation to Mr. Rogers interference with his representation of Doris and his clear conflicts of interest." (Doc. 158 at 6 and Exhibit A).

Defendants argue that the settlement documents could be used to impeach Mr. Waugh or his firm. The Court remains skeptical as to how the terms of the settlement agreement, as opposed to the mere existence of the settlement agreement, would be relevant to establish bias. Likewise, it is unclear how the settlement agreement is relevant to setoff or damages since the claims for breach of fiduciary duty against Mr. Waugh and his firm appear to be distinct from those asserted against Mr. Rogers and his firm. However, in an abundance of caution and given Plaintiff's request, the Court will review the settlement documents before issuing its ruling. Within **five days** of this Order, Plaintiff shall submit the settlement documents to the Court for *in camera* review.

**DONE** and **ORDERED** in Ocala, Florida on September 24, 2021.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties