UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SHELLEY CARRIER, Personal
Representative of the Estate of Doris
Hadcock

    Plaintiff,

v.                                                                                          Case No: 5:20-cv-95-JSM-PRL

JEST OPERATING, INC., PATRICIA
R. LEININGER, MERIDETH C.
NAGEL, MICHAEL J. ROGERS,
MERIDETH NAGEL, P.A.,
GAYLORD & ROGERS, LLC and
ELIZABETH HEIMAN,

    Defendants.

## ORDER

The Court first addressed the 30(b)(6) deposition of Jest Operating, Inc.'s corporate representative in December 2020. Now, more than a year later, that deposition is still at issue. The history set forth below underscores how unnecessarily contentious the scheduling and taking of this deposition has been. And why the imposition of sanctions is appropriate.

Plaintiff initially scheduled Jest's 30(b)(6) deposition for December 7, 2020, and Jest sought a protective order. (Doc. 79). The Court denied Jest's motion because although Plaintiff's counsel unilaterally scheduled the deposition, he did so after Jest rejected more than fifty possible dates for its deposition from October 2020 through January 2021. (Doc. 83). The Court ordered that the deposition should proceed as scheduled unless the parties could agree on another date prior to January 1, 2021. Elizabeth Heiman (Jest's designated

30(b)(6) witness) failed to appear on December 7, 2020, and the Court imposed sanctions. (Doc. 89).

Ten days later, Ms. Heiman appeared for deposition as corporate representative, but she could not testify with the full knowledge of the corporation concerning deposition topics 1, 4, 5, 9, 10, 19, 21, 24, and 25 and had complete lack of knowledge of the corporation regarding topics 11, 17, 18, 20, 22, and 26. Plaintiff's raised these deficiencies with Jest. (Doc. 176-5). The parties ultimately agreed that Plaintiff would not pursue sanctions so long as Ms. Heiman would be deposed for 3.5 hours in her individual capacity and 3.5 hours in her corporate representative capacity. (Doc. 176-6). Ms. Heiman's deposition was set for March 11, 2021, but it was delayed due to the death of Doris Hadcock. Plaintiff finally rescheduled the deposition of Ms. Heiman for November 19, 2021. (Doc. 176-8). While the deposition notice did not specifically state that Ms. Heiman was being deposed in her corporate capacity, there is no evidence suggesting that Plaintiff had abandoned her longstanding intention to depose Ms. Heiman in both her individual and corporate capacities. *See e.g.,* Doc. 176-7 (July 9, 2021, email discussing scheduling of deposition of "Elizabeth Heiman/Somerset" for one day).

Nevertheless, when Ms. Heiman appeared for her deposition on November 19, 2021, she was not prepared to testify on behalf of the corporation. By letter dated November 22, 2021, Plaintiff's counsel advised Jest's counsel that he was disappointed that Ms. Heiman was not prepared but given that he had not noticed the deposition as a corporate representative deposition, "we are willing to give you the benefit of the doubt and withhold filing a motion for sanctions under Rule 30(b)(6), if you produce Ms. Heiman for 3.5 hours to complete the deposition" and allow Plaintiff's experts to supplement their opinions after the deadline to

incorporate her additional testimony. (Doc. 176-9). Counsel for Jest refused to agree, explaining that Ms. Heiman was prepared for deposition based on the notice and that the deposition went for over six hours. (Doc. 176-10). Counsel for Jest apparently changed their mind and made efforts to schedule an additional 3.5 hours for the 30(b)(6) deposition. To date, the deposition has not been taken. The instant motion followed.

Plaintiff requests that the Court sanction Jest pursuant to Fed. R. Civ. P. 37 for its failure to produce a proper corporate representative in violation of both the Court's Orders and Rule 30(b)(6). There is no dispute that for more than one year, and despite repeated Court involvement, including an Order directing the deposition to proceed and then an Order imposing sanctions, Jest has failed to comply with its obligation under Rule 30(b)(6) to provide a witness who can answer questions regarding all subject matters listed in the notice. The Court finds that Jest's failure is sanctionable under Rule 37(d). *See Fox v. Morris Jupiter Associates*, No. 05-80689-CIV, 2007 WL 2819525, *2 (Failure to provide a witness knowledgeable on the listed areas of inquiry is sanctionable under Rule 37(d) for failure "to appear before the officer who is to take the deposition, after being served with proper notice.").

Rule 37 gives the Court broad discretion to fashion appropriate sanctions for violation of discovery orders or for the failure to comply with Rule 30(b)(6). Fed. R. Civ. P. 37(b)(2), (d). Here, the Court is disinclined to strike Jest's pleadings and finds that a less severe sanction will suffice. Accordingly, by **February 22, 2022**, <u>Jest shall produce for deposition a corporative representative</u> fully knowledgeable to testify regarding topics 1, 4, 5, 9, 10, 11, 17, 18, 19, 20, 21, 22, 24, 25, and 26. The deposition shall not exceed 3.5 hours and <u>Jest shall bear all expenses</u>. Plaintiff's retained standard of care expert witness, Michael Brodie, may supplement his report based on the deposition by **March 4, 2022**.

In addition, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified. In the absence of any compelling explanation or justification, <u>the Court finds Jest and its counsel, jointly and severally liable for the reasonable expenses, including attorney's fees, caused by Jest's failure to comply with its Rule 30(b)(6) obligations</u>.

Plaintiff submitted an affidavit seeking $14,310.57 in attorney's fees and costs incurred in preparing and filing the instant motion, attempting to resolve the matter before filing the motion, and for one half of the costs for the December 17, 2020 deposition. (Doc. 176-12). To the extent that Jest and its counsel object to the amount of expenses and fees claimed by Plaintiff, they shall file a response within **ten days** of this Order. Upon receipt of any objection, the Court will enter an appropriate award or, if necessary, set the matter for an evidentiary hearing.

**DONE** and **ORDERED** in Ocala, Florida on February 9, 2022.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties